## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHARLES RAWLINGS,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

Civil No. 24-1033-BAH

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Plaintiff Charles Rawlings ("Plaintiff") brought suit against Bank of America, N.A. ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") as well as state law claims of negligence, fraud, and slander of title. ECF 1, at 1 (complaint).[1] Pending before the Court is Defendant's motion to dismiss (the "Motion."). ECF 9. All filings include memoranda of law and exhibits.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendant's Motion is **GRANTED**.

---

[1] Plaintiff filed an original complaint, ECF 1, on April 8, 2024. On May 13, 2024, Plaintiff filed both a motion for leave to amend the complaint, ECF 5, and a copy of the purportedly amended complaint, ECF 6. In its order dated June 21, 2024, the Court noted that both ECF 1 and ECF 6 appeared to be the same document and therefore indicated that Plaintiff could still file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). ECF 12, at 1. The Court noted that Plaintiff's deadline to file the amended complaint was extended to July 9, 2024. *Id.* Plaintiff received two further extensions, first to July 23, 2024, ECF 14, at 1, and then to August 16, 2024, ECF 16, at 1. To date, the Court has not received an actual amended complaint from Plaintiff. The Court therefore treats the complaint docketed at ECF 1 as the operative complaint for this action, as it is substantively similar to the version docketed at ECF 6.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

I.  **BACKGROUND**

The substance of Plaintiff's claims is difficult for the Court to ascertain as Plaintiff provides few facts regarding the situation that gave rise to this action. As best the Court can tell, Plaintiff purports to bring suit under the FDCPA in connection with a foreclosure effectuated in 2020. ECF 1, at 3 ¶ 14. Plaintiff notes that following receipt of "a demand for payment of an alleged debt obligation" from Defendant on May 20, 2020, his home was foreclosed on, and he was evicted on September 28 of 2020. *Id.* Plaintiff evidently contests this action firstly on the grounds that a judicial order awarding possession of the property to the lender was not filed until April 8, 2021 and secondly on the basis that the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") had suspended evictions through March 31, 2021. *Id.*

Plaintiff also evidently appears to argue that Defendant erroneously "claimed to be an agent of the bona fide holder" of the mortgage obligation. ECF 1, at 3 ¶ 16. In the event that Defendant does claim to be the holder of Plaintiff's mortgage obligation, Plaintiff says, he "demands strict proof of said authority" under the FDCPA, "specifically [] § 1692(g)." *Id.* at 4 ¶ 19. Plaintiff asserts "his proof of agency to represent a principal with standing as evidenced in the court record to assert a claim and capacity to prosecute said claim[.]" *Id.* at ¶ 21. He avers that he "has prosecuted this action in order to ascertain who the real party in interest is in the above matter." *Id.* at ¶ 23.

Further, Plaintiff details his belief that there are several "inconsistencies, forgeries, and fraudulent practices in the documents related to his mortgage" and states that, through his investigations, he has "uncovered a web of deceit that implicated major financial institutions and raised questions about the legality of millions of foreclosures." ECF 1, at 4–5 ¶¶ 24–25. As a result of these findings, he states that he has reason to believe "that Defendant subjected Plaintiff to a fraud and/or negligence scheme to collect monies not owed to Defendant," and again demands

2

proof that he "entered into a legal and binding contract with Defendant that would establish the alleged debt" and that "Defendant is the singular and true holder in due course of said debt instrument." *Id.* at 7 ¶ 41, 8 ¶ 42. Plaintiff further demands additional proof related to the "chain of legal possession," the "ownership of the alleged lien document and the alleged note," and the "singular and exclusive claim" of Defendant upon the debt. *Id.* at 9 ¶ 49, 10 ¶ 50.

Elsewhere in the complaint, in enumerating the counts he purports to bring, Plaintiff provides some additional information about his view of the facts concerning the mortgage and foreclosure. Under Count 1, he alleges that Defendant improperly sent collection letters in 2008, 2016, and 2020 demanding payment on the debt without "provid[ing] evidence to show that Defendant was a bona fide holder of a debt instrument to which Plaintiff was liable." ECF 1, at 10 ¶ 53. He further asserts in Count 3 that Defendant "concealed the fact that the Loans were securitized as well as the terms of the securitization Agreements," thereby concealing the character of the debt. *Id.* at 12 ¶ 73.

To summarize the Court's understanding of the nature and circumstances of Plaintiff's claim, Plaintiff appears to be bringing a cause of action against Defendant based on his belief that Defendant erroneously and fraudulently asserted ownership of his mortgage obligation and thus improperly demanded payment of that debt. Plaintiff evidently argues by extension that these actions in some way caused the foreclosure and eviction, as he asserts that Defendant's aim was to "deprive [Plaintiff] of their exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means." ECF 1, at 17 ¶ 102. On this basis, he alleges that Defendant has engaged in violations of the FDCPA, negligence, fraud in the concealment, fraud in the inducement, and slander of title and he requests recission and declaratory relief. *Id.* at 10–19.

In response, Defendant avers that the property in question has already been the subject of a finalized foreclosure proceeding in Maryland state court and thus Plaintiff's claims are subject to dismissal "on the bases of *res judicata* and the *Rooker-Feldman* doctrine." ECF 9-1, at 2. It notes that the foreclosure proceeding was initiated on June 24, 2016 and ratified on January 28, 2020.[3]  *Id.* (citing ECF 9-3, 1–11 and ECF 9-4, at 1). Defendant further indicates that Plaintiff filed two separate appeals of the foreclosure action, and both were dismissed  by the Appellate Court of Maryland on January 2, 2020 and June 18, 2020, respectively.[4]  *Id.* (citing  ECF 9-5, 1–11). Moreover, Defendant therefore argues that Plaintiff's complaint lacks sufficient factual allegations that Defendant "has committed any wrongdoing or that [Plaintiff] is entitled to relief," and thus Plaintiff's claims should be dismissed. *Id.* at 3.

Defendant raises these arguments in its motion to dismiss, ECF 9, filed on June 11, 2024. As detailed above, in footnote 1, as a result of Plaintiff's health difficulties, the Court granted Plaintiff three extensions for filing either an amended complaint or a response in opposition to Defendant's motion for summary judgment. *See* ECFs 12, 14, 16. The final deadline was August 16, 2024. The Court has received no further communication from Plaintiff, save for a notice of change of address filed on October 11, 2024. *See* ECF 17.

## II.   **LEGAL STANDARD**

Defendant has filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which governs dismissals for failure to "state a claim upon which relief can be granted."

---

[3] Defendant notes that the docket number for this case is No. 03-C-16-006726 in the Circuit Court of Baltimore County. Pursuant to Fed. R. Evid. 201(b)(2), the Court takes judicial notice of this state proceeding.

[4] Defendant provides the docket numbers for both appeals as CSA-REG-1080-2019 and CSA-REG-2377-2019. Pursuant to Fed. R. Evid. 201(b)(2), the Court takes judicial notice of these state proceedings.

4

In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.,* 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.,* 767 F.3d 379, 396 (4th Cir. 2014).

If a complaint allegation sounds in fraud, it must also meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) in order to survive a motion to dismiss. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784, 789 (4th Cir. 1999). Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 379 (4th Cir. 2008). Courts in the District of Maryland have consistently held that FDCPA and related claims do "sound in fraud" for the purposes of 9(b)

requirements.[5] *See, e.g., Flournoy v. Rushmore Loan Mgmt. Serv., LLC*, No. 8:19-cv-00407-PX, 2020 WL 1285504, at *4 (D. Md. Mar. 17, 2020), and *Bowman v. Select Portfolio Servicing, Inc.*, 704 F. Supp. 3d 633, 640 (D. Md. 2023). Accordingly, this Court follows suit.

Nevertheless, because Plaintiff brings this suit pro se, the Court must liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

### III.  ANALYSIS

#### A.  Res judicata and *Rooker-Feldman*

Defendant's primary objection to Plaintiff's claims is that they are barred by *res judicata* and the *Rooker-Feldman* doctrine. ECF 9-1, at 6–7. *Res judicata*, also referred to as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litig.*, 355 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) the claims in both the prior and the later lawsuit are part of the same

---

[5] There is disagreement among district courts across the country as to whether the 9(b) standard applies to an FDCPA claim. *See Crawford v. Senex Law, P.C.*, 259 F. Supp. 3d 464, 473 (W.D. Va. 2017).

transaction or the same core of operative facts; and (3) the parties are the same or in privity in the two suits. *See Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246–47 (4th Cir. 2015). The *Rooker-Feldman* doctrine, meanwhile, "generally bars district courts from sitting in review of state court decisions" and "extends not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court." *Barefoot v. City of Wilmington*, 306 F.3d 113, 120 (4th Cir. 2002) (internal citations omitted).

In the instant case, Defendant points to the finality of the foreclosure proceedings at the state level as grounds for finding Plaintiff's claims barred by both *res judicata* and *Rooker-Feldman*. ECF 9-1, at 6–7. The Court does not agree that *Rooker-Feldman* applies, as Plaintiff does not appear to be seeking review of the state court order and is thus not "challeng[ing] the state court decision itself." *Lane v. Anderson*, 660 F. App'x 185, 189 (4th Cir. 2016). Defendant's *Rooker-Feldman* defense is therefore not available.

However, the Court agrees that Plaintiff's claims are likely, though not definitively, barred by *res judicata*. A review of the state court record indicates that the first element is established, as a final judgment was issued in the foreclosure action that appears to underpin all of Plaintiff's claims. *See* ECF 9-4, at 1. The second element likewise appears to be satisfied, as the Court agrees that Plaintiff had "a full and fair opportunity to litigate the foreclosure-related issues" during both the foreclosure action itself and his two appeals of the proceeding. *Knight v. Nationstar Mortgage, LLC*, Civ. No. SAG-23-3502, 2024 WL 3046408, at *4 (D. Md. June 18, 2024). As to the third and final element, Defendant argues that though it was not a party in the state court actions, it "stands in privity" with the substitute trustees, as both parties had the same legal interest in the foreclosure suit. ECF 9-1, at 5. Substitute trustees, lenders, and successor holders of a mortgage are generally found to be in privity where they share "the same right to foreclose on the

7

subject mortgage." *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (internal citations omitted).   Here, Defendant implies that it possessed an "entitlement to foreclosure," ECF 9-1, at 7, an assertion Plaintiff obviously contests, *see* ECF 1, at 5 ¶ 30. However, it is not clear from either Plaintiff's or Defendant's filings when, exactly, Defendant assumed ownership of Plaintiff's mortgage, nor its relation to the foreclosure proceedings. Plaintiff notes that Defendant send a demand for payment on May 20, 2020, *see id.* at 3 ¶ 14, but neither party provides any further information regarding the timing of or process by which Defendant acquired title to Plaintiff's mortgage loan, nor its relation to the state foreclosure suit. Other courts in this district have concluded parties in separate foreclosure-related proceedings are in privity only when there is evidence as to the chain of title or appointments under the mortgage. *See, e.g., Johnson v. Taylor, Bean & Whitaker Mortg. Corp.*, Civ. No. GJH-22-0730, 2022 WL 17721131, at *3 (D. Md. Dec. 15, 2022); *Williams v. Carrington Mortg. Servs.*, Civ. No. MJM-22-2523, 2024 WL 4349741, at *4 (D. Md. Sept. 30, 2024).   Without more evidence, apart from Defendant's brief suggestion, regarding the succession of title to the mortgage, the Court is reluctant to conclude definitively that privity exists between Defendant and the parties in the state action.   The Court therefore cannot ultimately determine whether Plaintiff's claims are barred by *res judicata.*

### B.  Plaintiff does not allege sufficient facts to support his FDCPA claim

However, even assuming his suit is not barred, Plaintiff still does not provide facts sufficient to sustain his claims against Defendant.   The first count in his complaint concerns Defendant's alleged violation of the FDCPA, and he specifically purports to bring his suit pursuant to §§ 1692e and 1692g of the Act. *See* ECF 1, at 4 ¶ 19, 11 ¶ 61.   To state a claim for relief under the FDCPA, a plaintiff must show that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [] collector as defined by the FDCPA, and

8

(3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Best v. Fed. Nat'l Mortg. Ass'n*, 450 F. Supp. 3d 606, 623 (D. Md. Mar. 30, 2020) (alteration in original). At this stage, Plaintiff has not alleged facts sufficient to satisfy the elements of the above test, particularly with respect to the second prong. On the scant information Plaintiff provides, the Court is unable to draw the reasonable inference that Defendant is a debt collector as defined by the FDCPA.

The Court recognizes that, as a general matter, "mortgage servicing companies are not debt collectors under the FDCPA," unless "the loan was in default at the time it was acquired by the servicing company, or if the servicing company treated it as such." *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 277 (D. Md. 2015) (internal citations omitted). Though Plaintiff does not specifically allege either that Defendant was acting as a mortgage servicer or as a debt collector, he does appear to concede that his claims concern Defendant's attempts to collect payment on a mortgage loan to which they asserted ownership. *See, e.g.,* ECF 1, at 6 ¶ 31. Plaintiff similarly does not offer any indication as to the point in time when Defendant purportedly acquired title to the mortgage. Instead, he continually offers blanket yet unspecified challenges to "Defendant's authority" to collect on the mortgage loan. *Id.* at ¶ 32. In the absence of any factual information regarding the date on which Defendant acquired Plaintiff's mortgage loan, and whether Plaintiff was in default at the time, the Court has no grounds on which to draw a reasonable inference that Defendant ought to be defined as a debt collector under the FDCPA. As the Court does not have a sufficient basis on which to conclude that the FDCPA applies to Defendant, Plaintiff's FDCPA claims must be dismissed.[6]

---

[6] As noted above, the Court considers Plaintiff's FDCPA claims pursuant to Rule 9(b)'s requirements regarding claims that sound in fraud. However, even when viewed in accordance with the less stringent standard set by Rule 8(a), Plaintiff's claims would still fail.

C.    **Plaintiff fails to allege sufficient facts to support his state law claims of negligence, fraud, and slander of title**

Plaintiff also brings claims for alleged negligence, fraud in the concealment, fraud in the inducement, and slander of title.  Under Maryland law, plaintiffs must establish four elements in any negligence action: "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of the duty."  *Walton v. Premier Soccer Club, Inc.*, 311 A.3d 406, 411 (Md. App. 2024) (citing *Hamilton v. Kirson*, 96 A.3d 714, 727 (Md. 2014)).    An action for fraud, which "encompasses" both fraudulent concealment and fraudulent inducement, requires a plaintiff to show: 1) that the defendant made a false representation to the plaintiff; 2) that defendant knew of the falsity of the representation or made it with reckless indifference as to the truth; 3) that the representation was made in order to defraud the plaintiff; 4) that the plaintiff relied on the representation; and 5) that the plaintiff suffered injury as a result of the misrepresentation. *Sass v. Andrew*, 832 A.2d 247, 260–61 (Md. App. 2003).  Finally, "to support a claim for slander of title, a plaintiff must plead facts sufficient to show (1) a false statement, (2) that the false statement was communicated to someone else (publication), (3) malice, and (4) special damages."  *Rounds v. Maryland-Nat'l Cap. Park and Plan. Comm'n*, 109 A.3d 639, 663 (Md. 2015).

Plaintiff does not offer sufficient evidence to support the above claims he purports to bring. In his negligence claim, Plaintiff only offers his own bare conclusions that Defendant "falsely demand[ed] payment" and therefore "intended to [mislead] Plaintiff."  ECF 1, at 11 ¶ 64, 12 ¶ 72. He alleges no facts apart from his own characterization of the allegedly negligent misrepresentation as being untrue.  Similarly, with respect to his slander of title claim, Plaintiff

10

merely recites the elements of the relevant cause of action and provides no other details elsewhere in the complaint which might support his claim. *Id.* at 16–17 ¶¶ 93–103.

As to his fraud counts, though Plaintiff provides more detail there than he does elsewhere in the complaint, he again fails to allege facts to support his claim against Defendant. Plaintiff argues that his assent to the mortgage instrument was fraudulently induced by fraudulent concealment of the securitized nature of the loan. *See* ECF 1, at 12–15 ¶¶ 72–92. However, he fails to allege that Defendant is the party liable for the claimed fraud. To the contrary, the remainder of Plaintiff's claims appear to derive from his belief that Defendant was *not* the lender with whom he executed the original mortgage agreement. *See, e.g.* ECF 1, at 6 ¶ 33. Further, in accordance with its authority under Federal Rule of Evidence 201(b)(2), the Court takes judicial notice of the publicly recorded deed of trust, also included in Defendant's filings, regarding the original mortgage loan, which indicates that it was executed between Plaintiff and Provident Mortgage Corporation T/A. *See* ECF 9-2, at 1–11. Thus, as Defendant was not the original lender, Defendant cannot be responsible for any alleged fraud which led Plaintiff to "enter[] into the loans." *Id.* at 13 ¶ 76.

Moreover, despite the comparatively greater detail Plaintiff provides for his fraud claims, he still does not detail the circumstances of the fraud with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). Though the Court construes Plaintiff's complaint liberally in accordance with his pro se status, the Court cannot discern crucial elements of Plaintiff's fraud claim, including the time or place of the false representations, nor the identity of the person making the misrepresentation. *See Wilson*, 525 F.3d at 379. Indeed, not only does the Court have no basis on which to conclude that Defendant made the alleged misrepresentation, as detailed above, it has no other evidence from Plaintiff about who the *actual* potentially liable party may be. Nor is it

11

clear when or where Plaintiff encountered this alleged misrepresentation. Without more information about the circumstances of the claimed fraud, the Court must dismiss this count.[7]

### D. Plaintiff cannot show entitlement to the requested relief

Plaintiff seeks declaratory relief establishing his entitlement to the property in question as well as recission of the mortgage loan on the basis of his belief that Defendant has engaged in multiple violations of federal and state law. *See* ECF 1, 17–19 ¶¶ 104-18. However, as Plaintiff has failed to state a claim for any of the claims discussed *supra*, he cannot show that he is entitled to any kind of relief, including declaratory relief or recission. *See Pitts v. Mozilo*, Civ. Nos. GJH-15-451, GJH-15-933, 2015 WL 4770941, at *6 (D. Md. Aug. 11, 2015).[8]

## IV. CONCLUSION

The Court is sensitive to the immense hardship that occurs as a result of even foreclosure proceedings that occur without legal challenges. The loss of a home is difficult and painful, and

---

[7] Inasmuch as Plaintiff alleges fraud in the original mortgage instrument, his claims may be time-barred. Plaintiff acknowledges that the original mortgage loan was executed on April 19, 1996. ECF 1, at 3 ¶ 16. Under Maryland law, the statute of limitations for civil actions, including fraud suits, is three years from the date the action accrues, *see* Md. Code, Cts. & Jud. Proc. § 5-501, unless a plaintiff can show they had good cause to discover the fraud at a later date. *See Doe v. Archdiocese of Washington*, 689 A.2d 634, 643 (Md. App. 1997). In his complaint, Plaintiff provides no indication of when he discovered the alleged fraud, nor, if indeed it came to his attention well after he signed the mortgage loan such that he could not have reasonably discovered it earlier.

[8] In addition to the claims he specifically enumerates, Plaintiff briefly contends that the foreclosure was unlawful due to the moratorium imposed by the CARES Act, 15 U.S.C. § 9001 et seq. Section 9056 of the CARES Act concerns the foreclosure moratorium and provides, "a servicer of a Federally backed mortgage loan may not initiate any judicial or non-judicial foreclosure process, move for a foreclosure judgment or order of sale, or execute a foreclosure-related eviction or foreclosure sale" during the covered period. The moratorium expired on July 31, 2021. *See* U.S. Dept. of Hous. & Urban Dev., Mortgagee Letter 2021-19). At the outset, the Court observes that it is doubtful whether "the language of the CARES Act evidences the requisite congressional intent to create a private right of action." *Profiles, Inc. v. Bank of Am. Corp.*, 453 F. Supp. 3d 742, 751 (D. Md. 2020). Even if there was a private right of action available, Plaintiff fails to allege that the mortgage was federally backed and thus encompassed by the foreclosure moratorium. This claim, to the extent that Plaintiff brings it, is therefore also unavailing.

the Court acknowledges that Plaintiff has been through a distressing experience. However, upsetting though the process was for Plaintiff and his family, he has offered no facts or evidence on which the Court may conclude that it was in any way unlawful, nor that Defendant is liable for the harms Plaintiff alleges.

For the foregoing reasons, Defendant's motion is granted. Though Defendant requests dismissal with prejudice, *see* ECF 9-1, at 17, the decision as to dismissal with or without prejudice is within the court's discretion. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013). As a general matter, where "amendment would be futile in light of fundamental deficiencies in plaintiffs' theory of liability," dismissal with prejudice is warranted. *Cozzarelli v. Inspire Pharmaceuticals Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Conversely, "where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice." *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013). Here, Plaintiff has clearly been afforded multiple opportunities to amend the complaint, yet no amendment has been made. Nevertheless, the Court cannot say that Plaintiff's claims are entirely futile, if only as a result of the lack of specific facts available in this action. Therefore, the dismissal is without prejudice.

A separate implementing Order will issue.

Dated: December 18, 2024                              /s/
                                                      Brendan A. Hurson
                                                      United States District Judge

13